**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vickie L Armour,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-20-00288-PHX-DLR<br><br>**ORDER** |

Plaintiff applied for disability insurance benefits and supplemental security income in October 2013, alleging a disability onset date of January 15, 2010. (Doc. 11-6 at 2-5.) After state agency denials, Plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). In June 2016, the ALJ denied Plaintiff's application, which became the Commissioner of the Social Security Administration's ("Commissioner") final decision after the Appeals Council denied review. (Doc. 11-3 at 2-4, 22-35.) Plaintiff thereafter filed a complaint in this Court, which on January 29, 2019 held that the ALJ erred by failing to give legally adequate reasons for rejecting the opinion of Dr. Drake and remanded the matter to the agency for further proceedings.[1] (Doc. 11-18 at 42-45.) In its order, the Court gave the ALJ specific instructions to re-evaluate Dr.

---

[1] Before this Court in the 2019 action, the Commissioner conceded that the ALJ erred by giving Dr. Drake's opinion little weight but argued that remand for further proceedings, rather than for benefits, was the proper approach. (Doc. 11-8 at 42.)

Drake's opinion.[2]  (*Id.* at 45.)  On November 29, 2019, the ALJ issued a new decision[3] finding Plaintiff not disabled prior to July 10, 2018.  (Doc. 11-17 at 9-25.)  Plaintiff seeks review by this Court.  (Doc. 1.)  Again, the Commissioner concedes that the ALJ has—a second time—committed harmful error by failing to give legally adequate reasons for rejecting Dr. Drake's opinion.  Nevertheless, it reiterates that additional proceedings, rather than an award of benefits, is the proper result.  The Court is left to decide only whether it is appropriate to remand for an award of benefits or for further proceedings.

The Court has discretion to remand the case for further development of the record, or to credit the improperly rejected evidence as true and remand for an award of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).   Under the credit-as-true rule, in deciding whether to remand for an award of benefits, the Court considers whether: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.  *Triechler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014).  If all three conditions are met, an award of benefits is appropriate.

---

[2] Notably, the Court explained that it would remand for further proceedings for the purpose of enabling the ALJ to evaluate Dr. Drake's updated note, clarify Dr. Drake's testimony, and clear potential conflicts.  (*Id.* at 43.)

[3] At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, and that she had not engaged in substantial gainful activity since her alleged onset date.  (Doc. 11-17 at 12.)  At step two, the ALJ found that Plaintiff has the following severe impairments: chronic kidney disease, status post right partial nephrectomy, status post left partial nephrectomy, lumbar spondylosis, hypertension, gastroesophageal reflux disease, post-traumatic stress disorder, anxiety disorder, and depressive disorder. (*Id.* at 12-13.)  At step three, the ALJ determined that Plaintiff's impairments do not meet or equal the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404.  (*Id.* at 13.)  At step four, the ALJ found that, prior to July 10, 2018, Plaintiff "had the residual functional capacity to perform light work [] except [she] could perform simple, routine, and repetitive work tasks with few changes in the work setting [and she] could not perform work requiring public contact." (*Id.* at 15.)  With this in mind, the ALJ determined that Plaintiff is unable to perform any past relevant work.  (*Id.* at 22.)  Moving to step five, the ALJ found that prior to July 10, 2018, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform including those of collator operator (DICOT 208.685-010, 1991 WL 671753), photocopy machine operator (DICOT 207.685-014, 1991 WL 671745), and routing clerk (DICOT 222.687-022, 1991 WL 672133).  (*Id.* at 28.)  Consequently, the ALJ held that Plaintiff was not disabled prior to July 10, 2018.  (*Id.* at 24.)

All three conditions of the credit-as-true-rule are met here. First, as explained above, the Commissioner agrees that the ALJ failed to provide legally sufficient reasons for rejecting Dr. Drake's opinion. Second, the ALJ's error was not due to a failure to develop the record[4] and further proceedings would serve no useful purpose. Instead, this case presents the precise scenario warned of in which "[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win, tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citation omitted). Third, during the hearing, the vocational expert testified that someone with the limitations assessed by Dr. Drake[5] would be unable to perform any work. (Doc. 11-17 at 75-76.) Accordingly, if Dr. Drake's opinions were credited as true, the ALJ would be required to find Plaintiff disabled. The Court therefore exercises its discretion to remand for an award of benefits.

//
//
//
//
//
//
//

---

[4] To the contrary, the administrative record now exceeds 2300 pages and the Court directed the ALJ in the 2019 remand to develop the record to ensure that the ALJ could properly assess and weigh Dr. Drake's opinion.

[5] Specifically, Dr. Drake opined Plaintiff would be severely limited in her ability to work in coordination with or proximity to others without being distracted by them, complete a normal work day or work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. (Doc. 11-15 at 67-70.) She would have moderately severe limitations in her ability to respond to customary work pressures, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, travel in unfamiliar places or use public transportation, and set realistic goals of make plans independently of others. (*Id.*) Finally, she would be moderately limited in her ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, sustain an ordinary routine without special supervision, and be aware of normal hazards and take appropriate precautions. (*Id.*)

1  **IT IS ORDERED** that the final decision of the Commissioner of Social Security is
2  **REVERSED** and the case **REMANDED** for an award of benefits.  The Clerk shall enter
3  judgment accordingly and terminate the case.
4  Dated this 18th day of August, 2020.

_____
Douglas L. Rayes
United States District Judge